

MAY 12 2006

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

06-CV-00667-MISC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNNY TROYDELL WHITE,

          Plaintiff,

    v.

CITY OF SEATTLE, et al.,

          Defendants.

CV 06 - 0667 JCC

King County Superior Court
Cause No.: 06-2-03313-2SEA

**VERIFICATION OF STATE
COURT RECORDS**

## VERIFICATION

The undersigned hereby declares the following:

1. The undersigned are counsel of record for defendant City of Seattle.

2. Pursuant to CR 101(b), attached are true and correct copies of all records and proceedings in the Superior Court of King County, Washington in the above-entitled action, Cause No. 06-2-03313-2SEA:

//

//

//

//

VERIFICATION OF STATE COURT
RECORDS - 1

STAFFORD FREY COOPER
— Professional Corporation —
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE WASHINGTON 98101-1374
TEL (206) 623-9900
Fax (206) 624-6885

\\ZEUS\PROLAWDOCS\3019\3019-027973\DORI MASHBURN\91833.DOC

ORIGINAL

| Exhibit | Document |
|---------|----------|
| 1 | Case Information Cover Sheet<br>Case Assignment Designation<br>Summons and Complaint for Damages |
| 2 | Order Setting Civil Case Schedule |
| 3 | Notice of Appearance<br>City of Seattle |

DATED this ____ day of May, 2006 at Seattle, Washington.

STAFFORD FREY COOPER
*Professional Corporation*

By _____

 Stephen P. Larson, WSBA # 4959
 Ryan P. Harkins, WSBA # 32781
 Attorneys for Defendant City of Seattle

VERIFICATION OF STATE COURT
RECORDS - 2

STAFFORD FREY COOPER
——— Professional Corporation ———
A T T O R N E Y S
3100 Two Union Square
601 Union Street
Seattle, Washington 98101-1374
Tel. (206) 623-9900
Fax (206) 624-6885

\\ZEUS\PROLAWDOCS\3019\3019-027973\DORI MASHBURN\91333.DOC

1

### Certificate of Service

2

The undersigned certifies under the penalty of perjury according to the laws of the United
3  States and the State of Washington that on this date I caused to be served in the manner
noted below a copy of this document entitled **VERIFICATION OF STATE COURT**
4  **RECORDS** on the following individual:

5     Zachary L. Fleet, WSBA #24147
      Suite 500 Maynard Building
6     119 First Avenue South
      Seattle, WA  98104
7     206/682-6644
      FAX:  206/682-3002
8     E-MAIL: zach@fleetlaw.com

9     *Attorney for Plaintiff*

10  [ ] Via Facsimile
    [ ] Via First Class Mail
11  [X] Via Messenger

12     DATED this 12th day of May, 2006 at Seattle, Washington.

13

14

15     Dori M. Mashburn
16     Paralegal to Stephen P. Larson, Anne Bremner
       and Ted Buck

17

18

19

20

21

22

23

24

25

26

VERIFICATION OF STATE COURT
RECORDS - 3

STAFFORD FREY COOPER
— *Professional Corporation* —
A T T O R N E Y S
3100 Two Union Square
601 Union Street
Seattle, Washington 98101-1374
Tel. (206) 623-9900
Fax (206) 624-6885

\\Zeus\PROLAWDOCS\3019\3019-027973\Dori Mashburn\91333.doc

Exhibit 1
Verification of State Court Records
Johnny Troydell White v. City of Seattle, et al.

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**

- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Unlawful Detainer (UND 2)

**JUDGMENT**

- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**

- [ ] Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name (CHN 2)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [ ] Non-Judicial Filing (MSC 2)
- [ ] Other Complaint/Petition(MSC 2)*
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**

- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)
- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)
- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement (MST 4)
- [ ] Notice to Creditors – Only (NNC 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/POA (TDR 4)
- [ ] Will Only—Deceased (WLL4)

**TORT, MEDICAL MALPRACTICE**

- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**

- [ ] Asbestos (PIN 2)**
- [ ] Implants (PIN 2)
- [ ] Other Malpractice (MAL 2)*
- [x] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP 2)*
- [ ] Wrongful Death (WDE 2)*
- [ ] Tort, Other (TTO 2)*

**WRIT**

- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**APPEAL/REVIEW**

- Administrative Law Review (ALR 2)*
- DOL Implied Consent—Test Refusal –only RCW 46.20.308 (DOL 2)*
- DOL- all other appeals (ALR 2) *

**CONTRACT/COMMERCIAL**

- Breach of Contract (COM 2)*
- Commercial Contract (COM 2)*
- Commercial Non-Contract (COL 2)*
- Meretricious Relationship (MER 2)*
- Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**

- Annulment/Invalidity (INV3)*
  with dependent children? Y / N; wife pregnant? Y / N
- Child Custody (CUS 3)*
- Nonparental Custody (CUS 3)*
- Dissolution With Children (DIC 3)*
- Dissolution With No Children (DIN 3)*
  wife pregnant? Y / N
- Enforcement/Show Cause- Out of County (MSC 3)
- Establish Residential Sched/Parenting Plan(PPS 3)* ££
- Establish Support Only (PPS 3)* ££
- Legal Separation (SEP 3)*
  with dependent children? Y / N; wife pregnant? Y / N
- Mandatory Wage Assignment (MWA 3)
- Modification (MOD 3)*
- Modification - Support Only (MDS 3)*
- Out-of-state Custody Order Registration (FJU 3)
- Out-of-State Support Court Order Registration (FJU 3)
- Reciprocal, Respondent Out of County (ROC 3)
- Reciprocal, Respondent in County (RIC 3)
- Relocation Objection/Modification (MOD 3)*

**ADOPTION/PATERNITY**

- Adoption (ADP 5)
- Challenge to Acknowledgment of Paternity (PAT 5)*
- Challenge to Denial of Paternity (PAT 5)*
- Confidential Intermediary (MSC 5)
- Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- Initial Pre-Placement Report (PPR 5)
- Modification (MOD 5)*
- Modification-Support Only (MDS 5)*
- Paternity, Establish/Disestablish (PAT 5)*
- Paternity/UIFSA (PUR 5)*
- Out-of-State Custody Order Registration (FJU 5)
- Out-of-State Support Order Registration (FJU5)
- Relinquishment (REL 5)
- Relocation Objection/Modification (MOD 5)*
- Rescission of Acknowledgment of Paternity (PAT 5)*
- Rescission of Denial of Paternity (PAT 5)*
- Termination of Parent-Child Relationship (TER 5)

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

- Civil Harassment (HAR 2)
- Confidential Name Change (CHN 5)
- Domestic Violence (DVP 2)
- Domestic Violence with Children (DVC 2)
- Foreign Protection Order (FPO 2)
- Vulnerable Adult Protection (VAP 2)

££ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County* The filing party will be given an appropriate case schedule.     ** Case schedule will be issued after hearing and findings.

FILED
06 JAN 24 PH 3: 59
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**
(cics)

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER: __**06 - 2 - 0 3 3 1 3 - 2** SEA__

CASE CAPTION: _____

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

__X__ Seattle Area, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ Kent Area, defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____
Signature of Petitioner/Plaintiff

Date _____

or

*Zachary S Elict*
_____
Signature of Attorney for
Petitioner/Plaintiff

__1/24/2006__
Date

__24147__
WSBA Number

1

2          RECEIVED

3          06 APR 21 PM 1:28

4          CITY OF SEATTLE
           MAYOR'S OFFICE

5

6

7

8

9

10         IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

11         IN AND FOR THE COUNTY OF KING

12

13    WHITE JOHNNY, TRAYDELL,           )

14                                       )        NO. 06-2-03313-2SEA

15                Plaintiffs,            )

16    v.                                 )        SUMMONS [20 DAYS]

17                                       )

18    SEATTLE POLICE OFFICER            )

19     JOHN DOE#1,                       )

20         and                          )

21    SEATTLE POLICE OFFICER            )

22     JOHN DOE#2,                       )

23         and                          )

24    CITY OF SEATTLE,                  )

25                Defendants.           )

26                                       )

27    _____ )

28

29

30         **TO THE DEFENDANT:** A lawsuit has been started against you in the above-

31    entitled court by Johnny White. Plaintiff's claim is started in the written complaint, a copy

32    of which is served upon you with this summons.

33         In order to defend against this lawsuit, you must respond to the complaint by

34    stating your defense in writing, and by serving a copy upon the person signing this

35    summons with in 20 days after the service of this summons, excluding the day of service,

36    or a default judgment may be entered against you without notice. A default judgment is

      SUMMONS [20 day] - 1

# ORIGINAL

1   one where a plaintiff is entitled to what he asks for because you have not responded. If

2   you serve a notice of appearance on the undersigned person, you are entitled to notice

3   before a default judgment may be entered.

4         You may demand that the plaintiff file this lawsuit with the court. If you do so,

5   the demand must be in writing and must be served upon the person signing the summons.

6   Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the

7   court. Or the service on you of the summons and complaint will be void.

8         If you wish to seek the advice on an attorney in this matter, you should do so

9   promptly so that your written response, if any, may be served on time.

10        This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the

11  State of Washington.

12

13

14

15  Zachary L. Fleet, WSBA # 24147

16  Plaintiff's Attorney

17  The Maynard Building, Suite 500

18  119 First Ave. So.

19  Seattle, WA 98104

20  Phone: 206.682-6644

21  Fax: 206.682-3002

22  Email: zach@fleetlaw.com

23

24  Dated April 20th, 2006

25

26

SUMMONS [20 day] - 2

RECEIVED
06 APR 21 PM 1:28
CITY OF SEATTLE
MAYOR'S OFFICE



RECEIVED
2006 JAN 24 PM 3:59
KING COUNTY
Superior Court Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

WHITE JOHNNY, TRAYDELL, ) NO. 06-2-03313-2 SEA
)
              Plaintiffs, )
  )
v. ) COMPLAINT FOR DAMAGES
  )
  )
SEATTLE POLICE OFFICER )
 JOHN DOE#1, )
    and )
SEATTLE POLICE OFFICER )
 JOHN DOE#2, )
    and )
CITY OF SEATTLE, )
          Defendants. )

## I. PARTIES

1.1    Plaintiff Johnny T. White is a resident of Seattle, Washington.

1.2    Defendants Seattle Police Department Officer John Doe #'s 1-3 (SPDOJD#'s1-3)

are and at all times relevant hereto were and are police officers employed by City

of Seattle, Washington. At all times referenced herein defendants SPDOJD #'s1-3

were acting in the course of their employment by City of Seattle.

1.3    Defendant City of Seattle, Washington at all times relevant hereto was the

employer of defendants SPDOJD #'s1-3.

WHITE COMPLAINT - 1

COPY      COPY

## II. JURISDICTION AND VENUE

2.1     This court has jurisdiction under Article IV, Section 6, of the Washington State Constitution and Venue is proper under RCW 4.12.025 because the events described below occurred in King Country, Washington and defendants, City of Seattle conduct business in King County, and defendant's.

## III. FACTS

3.1     On or about November 28, 2002 between the hours of 4:00 P.M and 6:00 P.M. Plaintiff Johnny White was eating Thanksgiving dinner at the Fremont Hall located on 90th Street and Aurora Avenue. Seattle Police Department Officer came into the hall and told Mr. White to put his plate down. SPDOJD# 1-3 then asked Mr. White why he had been in a stolen car. Mr. White responded that he had not been in a stolen car. SPDOJD #1-3 then instructed Mr. White to place his hands behind his back and proceeded to handcuff him and arrest him. The Plaintiff immediately asked whey he was being arrested..

3.2     Defendants SPDOJD #1-3, pushed the plaintiff down a flight of stairs while escorting him –handcuff- out of the Fremont Hall.

3.3     Defendants SPDOJD #1-3, then picked plaintiff up and escorted him outside where he slam him on the hood of his police cruiser.

3.4     Defendants SPDOJD #1-3, then pulled plaintiff off the hood of the cruiser and began punching him in the face and while doing this inform the plaintiff not to pass out on him.

3.5     Plaintiff was repeatedly screaming for help and begged SPDOJD #1-3 to stop hurting him.

3.6     The defendant's continued to beat and hit the plaintiff until the other officer said that is enough, we should take him in.

3.7     The Plaintiff started to spit bleed and the Defendant said "I bet you want to go to Harborview, but you are not because we are not taking you."

WHITE COMPLAINT - 2

3.8   The plaintiff was taken to the North Precient where he was awaken between the hours of 9:00 pm and 11:00 pm. He was then told he could go home now because they had caught the guy who stole the car.

3.9   Upon release the plaintiff went back to Fremont Hall and tried to eat the Thanksgiving dinner but his mouth and jaw pain made eating impossible.

3.10  The plaintiff went home and tried to sleep but could not for 11/2 days because of the pain, the Plaintiff then went to the V.A. Hospital and after X-rays he was admitted for a broken Jaw.

3.11  The Plaintiff had to have surgery to repair the broken Jaw.

3.12  Plaintiff served defendant, City of Seattle with a claim for damages on October 26, 2005.

## IV.  CAUSES OF ACTION

### First Cause of Action

4.1   Paragraphs I. 1-3, II.1 and III. 1-12, are incorporated by reference and made paragraph 4.1.

4.2   Defendants SPDOJD #'s1-3 by their acts and omissions aforementioned, committed the tort of assault and battery upon the plaintiff.  Defendant City of Seattle is vicariously liable for the assault and battery upon plaintiff by defendants SPDOJD #'s 1-3 under the doctrine of respondeat superior.

4.3   As a proximate result of defendants wrongful conduct plaintiff suffered damages, including extreme pain and extreme emotional distress and humiliation.

WHITE COMPLAINT - 3

## Second Cause of Action

4.4         Paragraphs I. 1-3, II.1 and III. 1-12, are incorporated by reference
            and made paragraph 4.4.

4.5         Defendants SPDOJD #'s 1-3 by their acts and omissions
            aforementioned, under color of law, without legal justification
            wrongfully arrested and seized the plaintiff and used excessive
            force upon him in violation of plaintiff's rights under the Fourth,
            Fifth and Fourteenth Amendments to the United States
            Constitution, in violation of 42 U.S.C. § 1983.

4.6         As a proximate result of defendants wrongful conduct plaintiff
            suffered damages, including extreme pain and extreme emotional
            distress and humiliation.

## Third Cause of Action

4.7         Paragraphs I. 1-3, II.1 and III. 1-12, are incorporated by reference
            and made paragraph 4.7.

4.8         Defendants SPDOJD #'s1-3 by their acts and omissions
            aforementioned, falsely arrested and imprisoned the plaintiff.
            Defendant City of Seattle is vicariously liable for the false arrest
            and imprisonment of plaintiff by defendants SPDOJD #'s 1-3
            under the doctrine of respondeat superior.

WHITE COMPLAINT - 4

4.9        As a proximate result of defendants wrongful conduct plaintiff

           suffered damages, including extreme pain and extreme emotional

           distress and humiliation.

                        Fourth Cause of Action

4.10       Paragraphs I. 1-3, II.1 and III. 1-12, are incorporated by reference

           and made paragraph 4.10.

4.11       Defendant's City of Seattle SPDOJD#'s 1-3 by their acts of

           omissions committed the tort of negligence against the plaintiff.

           The defendant City of Seattle is vicariously liable for the

           negligence toward the plaintiff by defendants SPDOJD#'s 1-3

           under the doctrine of respondeat superior.

4.12       As a proximate result of defendants negligent conduct plaintiff

           suffered damages, including extreme pain and extreme emotional

           distress and humiliation.


                   V.     Jury Demand

5.1    A jury trial is hereby demanded.


WHITE COMPLAINT - 5

## VI.  Prayer for Relief

WHEREFORE, plaintiff prays for the following relief:

6.1     On the first cause of action order defendants SPDOJD #'s 1-3, and City of Seattle, jointly and severally, to pay plaintiff compensatory damages in an amount to be proven at trial.

6.2     On the second cause of action order defendants SPDOJD #'s 1-3 to pay plaintiff compensatory damages in an amount to be proven at trial.

6.3     On the second cause of action order defendants SPDOJD #'s 1-3, jointly and severally, to pay to plaintiff punitive damages in the amount of $200,000.00.

6.4     On the third cause of action order defendants SPDOJD #'s1-3, and the City of Seattle, jointly and severally, to pay plaintiff compensatory damages in an amount to be proven at trial.

6.5     On the fourth cause of action order defendants SPDOJD #'s 1-3, and City of Seattle, jointly and severally, to pay plaintiff compensatory damages in an amount to be proven at trial.

6.6     Order defendants SPDOJD #'s 1-3 and KCCEJD #'s 1-3 to pay to plaintiff his reasonable attorneys fees and costs of suit.

6.7     Order such other further relief as the court may deem fair and equitable.

DATED January 24, 2006.

_____

Zachary L. Fleet  WSBA # 24147
Attorney for Plaintiff

WHITE COMPLAINT - 6

Exhibit 2
Verification of State Court Records
Johnny Troydell White v. City of Seattle, et al.

FILED

06  JAN 24  PM 3: 59

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| Johnny Traydell White | | NO.  06-2-03313-2     SEA |
| | | Order Setting Civil Case Schedule (*ORSCS) |
| vs | **Plaintiff(s)** | |
| Seattle Police Officer John Doe #1 et al | | ASSIGNED JUDGE  DuBuque          27 |
| | | FILE DATE:                          01/24/2006 |
| | **Defendant(s)** | TRIAL DATE:                      07/09/2007 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____|_____

Print Name                              Sign Name

### I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [KCLR] —
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [See KCLR 26], and for meeting the discovery
cutoff date [See KCLR 37(g)].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing
case.

**SHOW CAUSE HEARINGS FOR CIVIL CASES [King County Local Rule 4(g)]**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule.  A review of the case will be undertaken to confirm service of the original
complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed.  If
those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or
RJC judge.  The Order to Show Cause will be mailed to all parties and designated parties or counsel are
required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final
decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of
Settlement*, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue  01/24/2006 | * |
| Confirmation of Service [See KCLR 4.1]. | Tue  02/21/2006 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Wed 07/05/2006 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed, or if the Confirmation does not have all signatures, or if all answers have not been filed, or judgment on default has not been filed, or Box 2 is checked.** | Wed 07/05/2006 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Tue  07/18/2006 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Mon 02/05/2007 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon 03/19/2007 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon 04/02/2007 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon 04/02/2007 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon 05/21/2007 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon 06/11/2007 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon 06/18/2007 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Mon 06/18/2007 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon 06/25/2007 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Mon 07/02/2007 | * |
| Trial Date [See KCLR 40]. | Mon 07/09/2007 | |

## III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

**DATED:**   01/24/2006

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 7/200   3

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule.* The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

The following procedures hereafter apply to the processing of this case:

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses — identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court.

Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

1) Forty five (45) days before the Trial Date, counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

2) Twenty eight (28) days before the Trial Date, a settlement/mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

MOTIONS PROCEDURES:

A. Noting of Motions

Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules.

King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

Filing of Documents All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

*Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.* Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

PRESIDING JUDGE

Exhibit 3
Verification of State Court Records
Johnny Troydell White v. City of Seattle, et al.

# FILE

Honorable Joan DuBuque

SUPERIOR COURT OF WASHINGTON
IN AND FOR  COUNTY

WHITE JOHNNY, TRAYDELL

          Plaintiff,

    v.

SEATTLE POLICE OFFICER JOHN
DOE #1, and SEATTLE POLICE OFFICER
JOHN DOE #2, and CITY OF SEATTLE,

          Defendants.

NO. 06-2-03313-2 SEA

NOTICE OF APPEARANCE ON
BEHALF OF DEFENDANT CITY
OF SEATTLE

[CLERK'S ACTION REQUIRED]

TO:      The Clerk of the Above-Entitled Court

AND TO:    All parties and their counsel of record

    YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that defendant CITY

OF SEATTLE hereby appears in the above-entitled action without waiving the questions

of:

    1.    Lack of jurisdiction over the subject matter;

    2.    Lack of jurisdiction over the person;

    3.    Improper venue;

    4.    Insufficiency of process;

    5.    Insufficiency of service of process;

    6.    Failure to state a claim upon which relief may be granted; and

NOTICE OF APPEARANCE ON BEHALF OF
DEFENDANT CITY OF SEATTLE- 1
3019-New  88006

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1    7.    Failure to join a party under Rule 19.

2    YOU ARE FURTHER NOTIFIED that all further papers and pleadings herein,

3    excepting original process, shall be served upon the undersigned attorneys at the address

4    stated below.

5    DATED this 28th day of April, 2006.

6                                STAFFORD FREY COOPER

7

8    By: _____
     Stephen P. Larson, WSBA #4959

9    Ryan Harkins, WSBA #32781
     Attorneys for Defendant City of Seattle

10

11

12

13

14

15

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE ON BEHALF OF
DEFENDANT CITY OF SEATTLE- 2
3019-New  88006

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1

## Certificate of Service

2     The undersigned certifies under the penalty of perjury according to the laws of
the United States and the State of Washington that on this date I caused to be served in
3     the manner noted below a copy of this document entitled NOTICE OF APPEARANCE
ON BEHALF OF DEFENDANT SEATTLE OF SEATTLE on the following individual(s):

4     Zachary L. Fleet, WSBA #24147
The Maynard Building, Suite 500
5     119 First Avenue South
Seattle, WA 98104
6     206/682-6644
FAX: 206/682-3002
7     E-MAIL: zach@fleetlaw.com

8
[ ] Via Facsimile
9     [X] Via First Class Mail
[ ] Via Messenger

10

11     DATED this 28th day of April, 2006, at Seattle, Washington.

12

13     Brina Carranza

14

15

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE ON BEHALF OF
DEFENDANT CITY OF SEATTLE- 3
3019-New 88006

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885